UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DUSTIN J. LEACH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:12-cv-01065 |
| | ) | Judge Trauger |
| v. | ) | |
| | ) | |
| DONNIE YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

# **M E M O R A N D U M**

The plaintiff, an inmate at the Dickson County Jail in Charlotte, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Donnie Young in his official capacity only. (Docket No. 1). The plaintiff seeks an award of monetary damages, transfer to a state facility, and the purging of all disciplinary write-ups he has received while incarcerated. (*Id*. at p. 5).

## I. PLRA Standard for Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

1

**II.     Section 1983 Standard**

The plaintiff has filed his complaint pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**III.    Analysis**

The plaintiff names a single defendant on pages one and four of his complaint: Captain Donnie Young. (Docket No. 1 at pp. 1-4). However, there are **no** allegations in the complaint concerning Donnie Young. (*Id.* at pp. 5-7). A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). The plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Regional Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

Because the plaintiff's allegations omit how Captain Donnie Young was personally involved in the acts about which the plaintiff complains, the court must dismiss the Section 1983 claims against Captain Young for failure to state claims upon which relief can be granted.

The complaint alleges that Deputy f/n/u Brooks used excessive force against the plaintiff on September 10, 2012, "twisting and jerking" the plaintiff's left arm to the back of his head even

though the plaintiff "kept screaming out in pain begging him to stop." (Docket No. 1 at p. 6). The complaint also alleges that Deputy Brooks hit the plaintiff's head "into the wall numerous times and stayed violante [sic] the whole way to Booking by twisting and jerking [the plaintiff's] arm while [the plaintiff was] handcuffed behind [his] back." (*Id.*) According to the complaint, the plaintiff then was placed in a bathroom for two hours while handcuffed. He was later sent to see a nurse, and photographs were taken of the plaintiff's injuries on his forehead, left shoulder, and back. (*Id.*)

The Fourth Amendment of the United States Constitution protects individuals from excessive force by law-enforcement personnel. *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). The court reviews claims for excessive force under a standard of reasonableness. *Saucier v. Katz*, 533 U.S. 194, 209 (2001). Accordingly, the court views the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively. *Graham v. Connor*, 490 U.S. 386, 396-97(1989).

The analysis is to be conducted under the totality of the circumstances and without regard to intentions or motivations. *Id.* at 397. The inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

Construing the *pro se* complaint liberally, the court finds that the plaintiff has stated a colorable claim of excessive force under 42 U.S.C. § 1983 against Deputy Brooks with regard to the

3

September 10, 2012, incident. 28 U.S.C. § 1915A. The court will therefore permit the plaintiff to proceed on that claim.

IV.     **Motion for Appointment of Counsel**

Finally, the plaintiff has submitted a motion for appointment of counsel. (Docket No. 3). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). In this instance, the plaintiff simply asks the court to appoint a lawyer to assist him in his case. (Docket No. 3). The plaintiff has not established that exceptional circumstances exist in this case warranting the appointment of counsel. Therefore, the plaintiff's motion for the appointment of counsel will be denied with leave to refile if the plaintiff believes that his circumstances have changed at any point during this litigation.

V.     **Conclusion**

For the reasons discussed above, the court finds that the plaintiff's complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 as to defendant Donnie Young. 28 U.S.C. § 1915A. Thus, the plaintiff's claims against defendant Donnie Young will be dismissed. However, the court finds that the plaintiff has stated a viable excessive force claim under Section

4

1983 against Deputy f/n/u Brooks.  The plaintiff's motion for appointment of counsel (Docket No. 3) will be denied.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge